IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SAUL PERALTA,

      Movant,

vs.                                  No. CV 15-1186 RB/SCY
                                      No. CR 11-2525 RB

UNITED STATES OF AMERICA,

      Respondent.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts on Movant Saul Peralta's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 2, 7, and 8; CR Doc. 53, 59, 63, and 64). Also before the Court are Peralta's Petition for Leave to Proceed *In Forma Pauperis* (CV Doc. 9; CR Doc. 65) and Motion for appointment of counsel (CV Doc. 4). The Court has conducted an initial consideration of Peralta's § 2255 Motion, determined that Movant Peralta is not entitled to relief, and will dismiss the Motion as required by rule 4(b). The Court also will grant Peralta's Petition for Leave to Proceed *In Forma Pauperis* (CV Doc. 9; CR Doc. 65) and will deny his Motion for appointment of counsel (CV Doc. 4) as moot.

In his criminal case CR 11-2525, Peralta was charged with three counts:

    (1) Count I-Possession with intent to distribute five (5) or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B) and 18 U.S.C. § 2;

1

(2) Count II-Carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i); and

(3) Count III-Felon in possession of a firearm in and affecting commerce in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The state court felony used for purposes of Count III was a conviction for aggravated fleeing a law enforcement officer in New Mexico's Fifth Judicial District Cause No. D-503-CR-200900233. (CR Doc. 18).

Peralta, by voluntary plea agreement, pled guilty to all three counts. (CR Doc. 21). The Court adopted the presentence report (PSR) findings and, on April 2, 2012, sentenced Peralta to 152 months of imprisonment followed by a four-year term of supervised release. (CR Doc. 47). The Court entered Judgment on September 10, 2012. (CR Doc. 48).

In his § 2255 motion, Peralta seeks to be relieved of his sentence based on the Supreme Court's decision in *Johnson v. United States,* ___U.S. ___, 135 S.Ct.2551 (2015). (CV Doc. 1 and 2, CR Doc. 138 and 139). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is impermissibly vague and imposing an increased sentence under the residual clause violates the Constitution's guarantee of due process. 135 S.Ct. at 2562-2563.

Under the ACCA, a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a "violent felony." 18 U.S.C. § 924 (e)(2)(B). The Act defines "violent felony" to mean:

> "any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves the use of explosives, *or otherwise involves conduct that presents a serious*

>   *potential risk of physical injury to another*."

18 U.S.C. § 924(e)(2)(B) (emphasis added).  The *Johnson* Court struck down the italicized residual clause language of § 924(e)(2)(B)(ii) as unconstitutionally vague.  135 S.Ct. at 2555-2563.

Peralta contends that his conviction for aggravated fleeing a law enforcement officer in New Mexico's Fifth Judicial District Cause No. D-503-CR-200900233 was improperly used to enhance his sentence and it should be set aside or vacated under the holding in *Johnson.* However, Peralta's sentence was not enhanced under the residual clause or any other provision of § 924(e).  Instead, he was charged as a felon in possession of a firearm in or affecting commerce under the provisions of 18 U.S.C. § 922(g), which states:

>   "It shall be unlawful for any person—
>       (1) who has been convicted in any court of a crime punishable by
>   Imprisonment for a term exceeding one year . . .
>   to ship or transport in interstate or foreign commerce, or possess in or
>   affecting commerce, any firearm or ammunition; or to receive any
>   firearm or ammunition which has been shipped or transported in
>   interstate or foreign commerce."  18 U.S.C. § 922(g).

Sentencing for a violation of 18 U.S.C. § 922(g) is governed by 18 U.S.C. § 924(a)(2).  Section 924(a)(2) provides:

>   "Whoever knowingly violates subsection (a)(6), (d), (g), (h), (i), (j), or (o)
>   of section 922 [18 U.S.C. § 922] shall be fined as provided in this title,
>   imprisoned not more than 10 years, or both." 18 U.S.C. § 924(a)(2).

Peralta's sentence was not enhanced under the residual clause of the ACCA and Peralta is not entitled to relief under 28 U.S.C. § 2255 based on *Johnson*.

The Court takes notice that Peralta has a Motion to Reduce Sentence under 18 U.S.C. § 3582 pending before the Court.  (CR Doc. 51).  Peralta's request to reduce his sentence is not within the scope of relief that can be granted under § 2255, this Court's dismissal of the § 2255

Motion does not act as an adjudication of his Motion to Reduce, and the dismissal is without prejudice to his Motion to Reduce.

The Court also determines, under rule 11(a) of the Rules Governing Section 2255 Cases, that Peralta has failed to make a substantial showing that he has been denied a constitutional right as required by 28 U.S.C. § 2253(c)(2). The Court will deny a certificate of appealability.

IT IS ORDERED that Movant Saul Peralta's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (CV Doc. 1, 2, 7, and 8; CR Doc. 53, 59, 63, and 64) is DISMISSED under rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and civil action No. CV 15-1186 RB/SCY is DISMISSED with prejudice. This dismissal does not act as an adjudication of, and is without prejudice to, the relief requested in Peralta's pending Motion to Reduce Sentence (CR Doc. 51). IT IS FURTHER ORDERED that Peralta's Petition for Leave to Proceed *In Forma Pauperis* (CV Doc. 9; CR Doc. 65) is GRANTED and his Motion for appointment of counsel (CV Doc. 4) is DENIED as moot in light of this Order of dismissal. Last, the Court denies a certificate of appealability under Rule 11(a) of the Rules Governing Section 2255 Cases.

_____
UNITED STATES DISTRICT JUDGE