IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                        No. CR 11-2525 RB

SAUL PERALTA,

    Defendant.

### MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Peralta's letter motion seeking a judicial recommendation regarding his halfway house placement. (Doc. 112.) Having reviewed the motions, the record, and the applicable law, the Court finds the motion is not well-taken and should be **denied**.

**I.  Background**

On September 22, 2011, Peralta pled guilty to an Information charging (1) possession with intent to distribute five grams and more of methamphetamine under 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 18 U.S.C. § 2; (2) knowingly and intentionally carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(I); and (3) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). (*See* Docs. 18–22.) On September 10, 2012, the Court sentenced Peralta to 152 months of imprisonment. (Doc. 48.)

Peralta has previously filed a motion to vacate his sentence under 28 U.S.C. § 2255, which the Court denied on March 16, 2016. (Docs. 53; 59; 63; 64; 66.) He filed two successive § 2255 motions, which the Court dismissed for lack of jurisdiction. (Docs. 71; 77; 88; 91.) He filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and the 2014 retroactive amendment to the U.S. Sentencing Guidelines §2D1.1, which the Court dismissed. (Docs. 51; 80.)

Peralta asked the Court to reconsider its decision denying his § 2255 motion, which the Court denied. (Docs. 82; 87.) And most recently, the Court denied a motion to reduce his sentence under 18 U.S.C. § 3582. (Docs. 92; 102.)

Peralta now moves the Court to recommend that the Bureau of Prisons (BOP) place him in a halfway house for a full 12 months prior to his release from BOP custody. (Doc. 112.) The United States opposes the motion. (Doc. 114.)

**II.     Analysis**

Peralta asserts that the BOP has recommended halfway house placement for 8–10 months prior to release. (Doc. 110 at 2.) He asks the Court to recommend that the BOP increase his halfway house placement to a full year, so that he may be released earlier than anticipated. (*See id.*) Peralta seeks extra time in a halfway house in an effort to repair damage to his relationships with his children. (*See id.* at 1–2.) Peralta explains that his relationships with his children have "been difficult since their mom passed away [in] December 2020." (*Id.* at 2.) The COVID-19 pandemic has further complicated opportunities to communicate with his children, as the facility prohibits children under 16 years from visiting, and inmates' phone privileges have also been limited. (*Id.*)

The Government opposes Peralta's motion on the grounds that he "was sentenced to 152 months based on . . . very serious criminal conduct" and due to "his extensive criminal history." (Doc. 114 at 3.) The Court finds the Government's argument persuasive. Peralta "was apprehended with methamphetamine and a loaded gun on April 29, 2011, only a few months after being released from prison based on a conviction for aggravated fleeing from a law enforcement officer." (Doc. 114 at 3; *see also* Doc. 98-5 at 6.) He has a considerable criminal history dating back to age 12, with sparse verified employment history. (*See* Docs. 114 at 3–4; 98-5 ¶¶ 32–38, 78–87.) Also

concerning is Peralta's disciplinary history: he "has had twelve disciplinary violations, with his most recent violation being less than five months ago." (Doc. 114 at 6 (citing Doc. 114-1).)

In sum, the Court finds that under these circumstances, it will respect the BOP's halfway house placement decision and declines to recommend a longer placement.

**THEREFORE,**

**IT IS ORDERED** that the letter motion regarding Peralta's halfway house placement recommendation (Doc. 112) is **DENIED**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE